UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
TRUSTEES OF THE DISTRICT COUNCIL NO. 9                :
PAINTING INDUSTRY INSURANCE FUND *et al.*,           :
:
               Petitioners,          :
:
          -v-                                  :          23 Civ. 3303 (JPC)
:
CITY NEWARK GLASS,                                   :       OPINION AND ORDER
:
             Respondent.          :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioners Trustees of the District Council No. 9 Painting Industry Insurance Fund, Trustees of the District Council No. 9 Painting Industry Annuity Fund, and District Council 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O. have petitioned to confirm an arbitration award (the "Award") issued against Respondent City Newark Glass.  The Petition is unopposed, as Respondent did not appear at the underlying arbitration hearing, has not opposed confirmation of the Award, and has not even appeared before this Court.  For the reasons below, the Petition is granted.

## I.  Background

### A.  Facts

Petitioners bring this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185, to confirm and enforce the Award, which is an arbitrator's award that was rendered pursuant to a collective bargaining agreement (the "CBA") executed by Petitioner District Council 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union").  *See* Dkt. 1 ("Petition") ¶ 1; Dkt. 3 ("Kugielska Decl."), Exh. A

("Award"); Kugielska Decl., Exh. C ("CBA").  Petitioner Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (collectively, the "Funds") are "the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ('ERISA')," 29 U.S.C. §§ 1002(21)(A), 1132(a)(3) *et seq*.  Petition ¶ 3.  Respondent is, on Petitioners' information and belief, a New York corporation with its last known place of business in Bayonne, New Jersey.  *Id.* ¶ 4.

The record shows that Respondent—at least for purposes of the relevant work at a jobsite in Orangeburg, New York—was bound by a Memorandum of Agreement (the "MOA") for the period of May 1, 2017 through April 30, 2023 between the Window and Plate Glass Dealers Association and District Council No. 9, Glazers Local Union #1087.  Kugielska Decl., Exh. B ("MOA"); *see* Award at 1 n.1 (describing Local Union #1087 as "a local affiliate" of the Union); MOA at 25 (supplemental agreement, dated November 29, 2022, between Respondent and the Union mandating that the MOA would apply to work performed at a jobsite in Orangeburg, New York); Award at 2 (noting that the relevant violations stemmed from work at a jobsite in Orangeburg, New York).  The MOA incorporated by reference the CBA's terms and conditions. *See* MOA at 1.  The CBA, in turn, was entered into by the Union and, in relevant part, the Window and Plate Glass Dealers Association and covered the period of May 1, 2019 to April 30, 2024.  *See* CBA at 1.  The CBA established a Joint Trade Committee ("Committee") "to hear and decide in arbitration . . . and to make such awards or assess remedies, damages and penalties for violations of [the CBA]."  CBA art. XIII § 3(a).

The Award implicates three alleged violations of the CBA by Respondent: (1) "fail[ing] to submit wages and benefits for work covered by the MOA, in violation of Article VIII, Article XX

and Article XIII Section 11 Violation 9 of the CBA"; (2) "discriminat[ing] against a job steward, in violation of Article I and Article XIII Section 11 Violation 5 of the CBA"; and (3) "fail[ing] to register a job, in violation of Article X and Article XIII Section 11 Violation 1 of the CBA." Petition ¶ 7.  As authorized by the CBA, the Union filed demands to arbitrate these grievances.  *See* Kugielska Decl., Exh. D (November 22, 2022 demands for the three violations); CBA art. XIII § 5(a) (outlining the procedure for arbitration demands).  The Committee conducted a hearing on these grievances on December 13, 2022, at which Respondent failed to appear.  *See* Award at 1-2. It appears that the Committee heard testimony from a Union representative at the hearing about these violations.  *Id.* at 2.  The Committee rendered a decision on December 29, 2022, *id.* at 4, in which it found Respondent "guilty" of all three violations, *id.* at 2.  The Committee ordered Respondent to pay a total of $4,756.96 for these violations; this figure consists of (1) $2,000 in liquidated damages and $753.48 in wages and benefits for the wage submission violation; (2) $753.48 in wages and benefits for the discrimination violation; and (3) $1,250 in fines for the job registration violation.  *Id.* at 2-3; *see* Petition ¶ 11.  Petitioners contend that the Award was served on Respondent.  Petition ¶ 12; *see* Kugielska Decl., Exh. F ("January 20, 2023 Demand Letter") (noting that the Award was sent to Respondent on January 9, 2023).  Counsel for the Union then sent a letter on January 20, 2023, demanding that Respondent comply with the Award.  *See* January 20, 2023 Demand Letter.  Petitioners contend that Respondent has nevertheless failed to do so. *See* Petition ¶ 14.

**B.    Procedural Background**

On April 20, 2023, Petitioners filed the Petition seeking confirmation of the Award, Dkt. 1, and an accompanying memorandum of law, Dkt. 1-1 ("Memo of Law").  Respondent was served with the summons and Petition through the New York Secretary of State on April 24, 2023.  Dkt.

3

7 at 1.  Respondent was also served by registered mail to its last known place of business on April 25, 2023.  *Id* at 2; *see* Petition ¶ 4.  On July 18, 2023, having received no response from Respondent, the Court ordered Respondent to respond to the Petition by August 7, 2023 and warned Respondent that the Petition would be treated as an unopposed motion for summary judgment if it failed to do so.  Dkt. 8; *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006).  Petitioners served the July 18, 2023 Order on Respondent the same day by mail and email.  Dkt. 9.  Respondent has neither submitted an opposition to the Petition nor otherwise appeared in this action.

## II.  Discussion

### A.    Applicable Law

"The LMRA establishes a federal policy of promoting industrial stabilization through the collective bargaining agreement, with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (internal quotation marks omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted).

As a result, judicial review of an arbitration award is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by" the LMRA. *Nat'l Football League Mgmt. Council*, 820 F.3d at 532.  The Court "must simply ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract."  *Id.* (internal quotation marks

omitted).  Under this standard, "even if an arbitrator makes mistakes of fact or law, [a district court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority."  *Id.*  In other words, "[a]s long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed."  *Id.* at 537 (internal quotation marks omitted).

If, as here, a petition to confirm an arbitration award is unopposed, courts generally treat the petition "as akin to a motion for summary judgment."  *D.H. Blair & Co.*, 462 F.3d at 109. Although the Court grants significant deference to the arbitrator's decision, an unopposed confirmation petition must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  *Id.* at 110 (internal quotation marks omitted).

B.    **Analysis**

Petitioners have adequately shown that there is no genuine issue of material fact precluding judgment in their favor confirming the Award.  As discussed above, the record shows that Respondent was bound by the MOA with respect to the jobsite in Orangeburg, New York, and, in turn, that the MOA incorporated the terms and conditions of the CBA.  Further, under the CBA, the Committee is "empowered to hear and decide in arbitration . . . all grievances and disputes which arise between the Parties as to the interpretation or application of" the CBA, with broad powers to issue awards and fashion remedies to resolve such grievances and disputes.  CBA art. XIII § 3(a); *see id.* ("The Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes in any manner which they deem reasonable.").  These powers explicitly include ordering liquidated damages, "wages and contributions owed," and fines.  *Id.*; *see* Award at 2-3 (awarding wages and benefits, liquidated damages, and fines).  The CBA also provides that "[t]he decisions, findings, and award of the Joint

Trade Committee . . . shall be final and binding upon the Association Employer and the Union, all members thereof, and all interested Parties."  CBA art. XIII § 4(d).

In accordance with the CBA, the Union filed a demand to arbitrate the at-issue grievances, Kugielska Decl., Exh. D; CBA art. XIII § 5(a), resulting in the Committee conducting a hearing on December 13, 2022, at which Respondent did not appear, *see* Award at 1-2.  The Committee also explicitly noted that Respondent "was notified that a hearing was scheduled."  *Id.* at 1. Following the hearing, the Committee deliberated and found Respondent guilty for violating the CBA by failing to submit wages and benefits, discriminating against a job steward, and failing to register a job.  *Id.* at 2-3.  It also appears that the Committee's decision to issue the Award was based on eyewitness testimony from a Union representative.  *Id.* at 2 (noting that the Union representative "observed" the incidents that underpinned the three violations at issue).  "Although Petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. CEI Contractors Inc.*, No. 21 Civ. 7870 (JPC), 2022 WL 3225680, at *3 (S.D.N.Y. Aug. 10, 2022) (internal quotation marks omitted).  Moreover, "nothing suggests that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law."  *Id.* (internal quotation marks omitted).  The Court therefore confirms Petitioners' timely application for confirmation of the Award.[1]

---

[1] Although the Petition does not seek an award of attorneys' fees and costs, Petitioners assert in their accompanying memorandum of law that they "are entitled to payment of their attorneys' fees and costs incurred in bringing this petition."  Memo of Law at 4.  As they correctly point out in that brief, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."  *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks omitted); *see* Memo of Law at 4.  However, "absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications."  *Scott v. City of New York*, 626

### III.  Conclusion

For the reasons above, the Petition is granted.  The Clerk of Court is respectfully directed to enter judgment of $4,756.96.  Post-judgment interest shall accrue at the statutory rate specified by 28 U.S.C. § 1961.  *See N.Y.C. Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18 Civ. 3970 (AJN), 2018 WL 5919520, at *2 (S.D.N.Y. Nov. 13, 2018) ("Awarding post-judgment interest under § 1961 is mandatory and applies to actions to confirm arbitration awards.").  The Clerk of the Court also is respectfully directed to close this case.

SO ORDERED.

Dated: May 9, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

F.3d 130, 133 (2d Cir. 2010).  The same principle is true of requests for costs.  *Cf. Rani v. Drobenare*, No. 19 Civ. 5186 (MKB) (ST), 2020 WL 6370249, at *9 (E.D.N.Y. Aug. 19, 2020) ("[A] party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested and is not entitled to recover costs for which it provides inadequate substantiation." (cleaned up)).  The Court discerns no such documentation in the record here, nor have Petitioners identified any exceptions to the contemporaneous records requirement.  Petitioners also have not requested any particular amount of fees and costs that they incurred in bringing this litigation.  Therefore, to the extent Petitioners request that the Court order payment of their fees and costs, that request is denied.